# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

February 11, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Heather G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 24-3399-DRM

Dear Counsel:

On November 25, 2024, Plaintiff Heather G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 10, 15, 19. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Society Income Benefits ("SSI") on September 4, 2020, alleging a disability onset of October 1, 2017. Tr. 303; 11. Plaintiff's claims were denied initially and on reconsideration. Tr. 11. On June 16, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 49-78. Following the hearing, on October 3, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 8. On September 26, 2024, the Appeals Council concluded that there was no basis for granting the Plaintiff's Request for Review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security on November 25, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Heather G. v. Bisignano*
Civil No. 24-3399-DRM
February 11, 2026
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since August 17, 2020, the application date." Tr. 13. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder; generalized anxiety disorder; and obesity." Tr. 13. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 14-16. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant is limited to four hours of standing and walking in an eight-hour workday. She is limited to performing simple routine repetitive tasks not done at a production rate pace meaning no assembly line work, no hourly quotas, and only work done at a consistent pace during the workday. She can have occasional contact with supervisors, coworkers, and the public.

Tr. 16. The ALJ determined that Plaintiff is unable to perform any past relevant work but could perform jobs that existed in significant numbers in the national economy, such as assembler, document preparer, and stuffer/blower. Tr. 23-24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the

*Heather G. v. Bisignano*
Civil No. 24-3399-DRM
February 11, 2026
Page 3

evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion evidence in accordance with 20 C.F.R. § 404.1520c. ECF No. 15 at 7-14. Plaintiff contends that the ALJ improperly rejected the opinions of treating mental health providers Amanda Frey, LCSW-C, and Whitney Bradshaw, CRNP-PMH, by simply reciting the supportability and consistency factors without meaningfully applying them to the record. *Id.* at 7-9. According to Plaintiff, the ALJ failed to build a logical bridge between the evidence and her conclusion that these treating source opinions were unpersuasive, instead relying on generalized references to normal mental status findings and Plaintiff's activities of daily living. *Id.* at 8-10.

Plaintiff further asserts that the ALJ did not separately analyze the supportability and consistency factors as required by the regulations, did not identify specific evidence contradicting the treating opinions, and impermissibly discounted longitudinal treatment records documenting worsening anxiety, bipolar symptoms, panic attacks, and significant functional limitations. *Id.* at 9-13. Plaintiff argues that these errors were not harmless because proper consideration of the treating source opinions would have resulted in a more restrictive residual functional capacity and a different disability determination. *Id.* at 13-14.

In response, the Commissioner contends that substantial evidence supports the ALJ's decision and that the ALJ properly evaluated the medical opinion evidence. ECF No. 19 at 5-9. The Commissioner argues that the ALJ reasonably found the opinions of Ms. Frey and Ms. Bradshaw unpersuasive because they were not supported by the providers' own treatment notes and were inconsistent with the record, which reflected largely normal mental status examinations, improvement with medication, conservative treatment, and Plaintiff's reported activities of daily living, including caring for her nieces. *Id.* at 7-11. The Commissioner maintains that the ALJ adequately articulated her reasoning and was not required to use any specific format or "magic words." *Id.* at 6-7, 13-14. Accordingly, the Commissioner asks the Court to affirm the denial of benefits. *Id.* at 14-15.

When evaluating medical opinions in claims filed on or after March 27, 2017[3], an ALJ must, as the Fourth Circuit recently explained:

"evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), -(c). The factors are: (1)

---

[3] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).

Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies— that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025).

The relevant regulations define these first two factors as follows:

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

"Supportability is the degree to which a provider supports [his or her] opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(2)).

This Court has noted that supportability must be considered independently from consistency. *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."). The consistency factor is an outward facing inquiry, looking at whether the medical opinion is consistent with other evidence in the record. *Rosa M. v. Kijakazi*, No. 9:22-CV-04494-BHH-MHC, 2023 WL 9101308, at *7 (D. S. C. Dec. 8, 2023). This Court has made clear that an analysis of the consistency of an opinion with other opinions from the same provider and the rest of the record is not sufficient to constitute a supportability analysis. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4–

*Heather G. v. Bisignano*
Civil No. 24-3399-DRM
February 11, 2026
Page 5

5 (D. Md. May 5, 2023) (finding that analysis of inconsistency between two opinions of one medical source was insufficient to assess supportability). The ALJ must assess the relevance of "the objective medical evidence and supporting explanations presented by a medical source" to the ultimate finding advanced by that medical expert. 20 C.F.R. § 404.1520c(c)(1).

The ALJ provided the following analysis of Ms. Bradshaw's opinion:

> The undersigned finds the opinion of Whitney Bradshaw contained in Exhibit B15F not persuasive. Ms. Bradshaw completed a medical source statement on the claimant's behalf on March 9, 2022 (Exhibit B15F). She indicated the claimant has bipolar disorder and anxiety and has multiple symptoms including decreased energy, persistent anxiety, and sleep disturbance that result in serious limitations in maintaining a schedule, completing a workday, accepting instructions, respond to change, and deal with normal work stress (Exhibit B15F). She noted the claimant had somatic symptoms and moderate difficulties in two areas of mental functioning (Exhibit B15F). She also opined the claimant has a complete inability to function independently and would be absent four days (Exhibit B15F). *The undersigned finds this assessment is not supported by or consistent with the provider's treatment notes or other evidence (Exhibits B6F, B9F, B14F, B23F, and B25F). Treatment notes show only an occasional depressed mood but otherwise normal exam findings generally (Exhibits B6F, B9F, B14F, B23F, and B25F). The evidence does not show the claimant has the severe symptoms and limitations noted in this assessment.* Because this assessment is not supported by or consistent with the evidence of record, it is not persuasive.

Tr. 21-22 (emphasis added).

The ALJ did not adequately articulate an evaluation under either the supportability or consistency factors of 20 C.F.R. § 416.920c(1) & (2). Unpacking the italicized sentences in the paragraph quoted above, the ALJ appears to hold that Ms. Bradshaw's assessment is unsupported by her own treatment notes (i.e. Exhibits B6F, B9F, and B14F), and inconsistent with treatment notes of other providers including Ms. Frey and Rani George, PMHNP, (i.e. Exhibits B23F and B25F.) But the ALJ broadly summarizes these five exhibits spanning over 130 pages by stating merely that they "show only an occasional depressed mood but otherwise normal exam findings generally." The ALJ does not identify specific elements of these exhibits that are unsupportive of, or inconsistent with Ms. Bradshaw's opinions, and this cursory analysis does not build a logical bridge between the evidence and the ALJ's conclusions and frustrates meaningful judicial review, requiring remand.

On remand, the ALJ should explicitly and independently assess the supportability of Ms. Bradshaw's opinion pursuant to 20 C.F.R. § 404.1520c(c)(1) and should articulate a consistency analysis under § 404.1520c(c)(2). Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.

*Heather G. v. Bisignano*
Civil No. 24-3399-DRM
February 11, 2026
Page 6

Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

**V.    <u>CONCLUSION</u>**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge